UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COREY A. ASKEW,

    Petitioner,

v.

Case No. 2:09-cv-238
HON. R ALLAN EDGAR

CATHERINE S. BAUMAN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Corey A. Askew filed this petition for writ of habeas corpus challenging the revocation of his parole. Petitioner requests a preliminary injunction for a transfer from Alger Maximum Correctional Facility to the Lake County Center pending the outcome of his habeas action. Petitioner currently has a maximum discharge date of April 13, 2011.

I have reviewed petitioner's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that petitioner will suffer irreparable harm if the requested relief is not granted.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

    1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

    2. Whether the movant has shown irreparable injury.

      3. Whether the preliminary injunction could harm third parties.

      4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

      Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

      Petitioner's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to petitioner's claim that the respondent has violated his federal rights. Petitioner asserts that the Parole Board's decision to rescind his parole was without merit. Petitioner was first granted parole on December 6, 2004. His parole was revoked on December 14, 2006. Petitioner claims that the MDOC has failed to follow the procedures set forth under MCL § 791.251, violating due process. However, contrary to petitioner's assertion he has no liberty interest in parole.

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake. Because petitoiner has no liberty interest at

stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

Moreover, a prisoner has no right under federal law to compel or prevent a transfer to another facility. *See*, *Burr v. Duckworth*, 547 F. Supp. 192 (N.D. Ind. 1982); *affirmed*, 746 F.2d 1482 (7th Cir. 1984); (absent a statute or regulation giving rise to some right or justifiable expectation, refusal to transfer does not constitute violation of a constitutionally protected or recognized interest); *Finetti v. Soley*, 73 A.D.2d 955, 424 N.Y.S.2d 273 (1980) (absent a violation of positive statute or a denial of constitutional rights, refusal to transfer is not judicially reviewable); *accord*, *State v. Ryan*, 351 N.W.2d 186 (Iowa 1984); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986) (prison regulations allowed, but did not require, transfer where all criteria were met by prisoner; authorities retained complete discretion to transfer; thus no liberty interest created); *Lamb v. Maschner*, 633 F. Supp. 351 (D. Kan. 1986) (transsexual requested transfer to woman's prison; denied); *accord*, *Meriwether v. Faulkner*, 821 F.2d. 408 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987). Michigan's statutes and regulations give the prison authorities complete discretion regarding placement of prisoners. *See* Michigan Department of Corrections Policy Directives 03.03.110 and 05.01.140; MCL 791.264; MSA 28.2324. Furthermore, petitioner has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because petitioner has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that petitioner's motion for a preliminary injunction (Docket #10) denied.

*NOTICE TO PARTIES*:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 10, 2011