UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COREY A. ASKEW,

   Petitioner,

v.

              Case No. 2:09-cv-238
              HON. R ALLAN EDGAR

CATHERINE S. BAUMAN,

   Respondent.
_____/

# REPORT AND RECOMMENDATION

  Petitioner Corey A. Askew filed this petition for writ of habeas corpus challenging his revocation of parole and placement in the Alger Maxium Correctional Facility. Petitioner was convicted of uttering and publishing and sentenced on March 7, 1996 to 18 months to 14 years imprisonment. Petitioner's maximum discharge date is April 13, 2011.

  Petitioner was confined in the Lake County Jail while in the Technical Rule Violation (TRV) program. He became a management problem while in the county jail. Due to petitioner's inability to be safely managed in a county jail, a recommendation was made to return him to a higher level of custody and to reinstate the original parole violation charges. As a result, petitioner failed in the TRV program and was returned to the MDOC system.

  Petitioner raises the following issues:

I. Violation of Article I, Section 10, Ex Post Facto Clause, and Amendment 14, Section 1, Privileges and Immunities and Equal Protection Clauses.

II. Violation of Amendment 14, section 1, Due Process Clause.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that he is not challenging state law procedures, but that his parole was improperly revoked and he was wrongfully removed from the TRV program without due process of law. Petitioner was granted parole on October 5, 2004. Petitioner violated his parole conditions on September 1, 2005, and became a participant in the TRV Program on August 3, 2006. It appears that the TRV program provides parolees who make minor rule violations a chance to earn their parole status back. Petitioner's parole term was adjusted to end on February 17, 2007. However,

petitioner was issued a misconduct for insolence on September 2, 2006, and a misconduct for threatening behavior on September 3, 2006. Petitioner was found guilty of the charges after a hearing. Petitioner claims that he was denied prior written notice of the charges, denied written notice of the hearing, denied the assistance of an investigator, denied the ability to present a written statement, denied the ability to present relevant documents as evidence, and did not receive a written decision of the findings. Based on the guilty findings, petitioner was terminated from the TRV program and reclassified to a higher custody level. Petitioner's parole was revoked on December 14, 2006.

Although petitioner attempts to make a number of constitutional claims, he has no liberty interest in parole. However, petitioner also claims that his due process and state statutory rights were violated when he was denied a fair and impartial fact finding hearing before the revocation of his parole. In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. In defining those minimal due process protections, the Supreme Court recognized two important stages in the parole revocation process - the preliminary hearing and the revocation hearing. The Court stated that a preliminary hearing should be held promptly after the alleged parole violation or arrest to determine whether probable cause exists to hold the parolee for a revocation hearing. *Id.* at 485-87. If probable cause is found to exist, the parolee has a right to a hearing prior to a final decision on revocation by the state parole authority. The minimal due process requirements at the revocation hearing stage include:

> (a) written notice of the claimed violation of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing

confrontation); (e) a "neutral and detached hearing body" such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey,* 408 U.S. at 489. The Court emphasized, however, that the second stage of parole revocation should not be equated with a full criminal prosecution. *Id.* The due process requirements for a revocation hearing defined in *Morrissey* are codified in MICH. COMP. LAWS § 791.240a. Pursuant to MICH. COMP. LAWS § 791.240a(1), petitioner was entitled to a fact-finding hearing within 45 days after he became available for return to a state correctional facility.

The reasons for petitioner's revocation were explained in a Parole Board Notice of Action:

> His first parole began 03/25/97 for 24 months. He paroled to reside with his parents in Illinois. From the reports available, he was employed for a portion of his parole. His parole was extended for failure to pay restitution. He absconded in early 03/99 and returned to MI. He remained at large until 01/2000. OFP diverted him to the TRV. He was medically terminated from TRV in 05/2000. The second parole began 08/29/2000 for 24 months. He had sporadic employment. He displayed a problem with THC. He was referred to out-patient SAT. He was placed in the Corrections Center Program and terminated due to use of THC and failure to follow rules. OFP diverted him to the TRV. Here again, he was terminated for failure to follow rules. Parole ended 12/00. This was the third parole release 12/06/04 for a term of 18 months. He has not reported as directed but there was a period of steady employment. The parolee displayed a problem with marijuana while on parole. Efforts to address the substance abuse through out-patient treatment were initiated. In 09/05 he absconded. In 07/06 he walked into the Benton Harbor Police Department and surrendered himself. There was an active FOC warrant in LIEN. He was ordered to serve 90 days in jail or pay of $2,9000.00 in child support. In 08/06 he was diverted to TRV. He allegedly had engaged in threatening behavior toward staff and a jail inmate while in Berrien County Jail. He was terminated from TRV for engaging in similar behavior.

> The Hearing Examiner believes that parolee's behavior in the Berrien County Jail, at the TRV and since his return to RGC has placed him in a position where the Parole Board will expect an interview. Therefore, revocation is warranted. Parolee has expressed an interest in the Re-Entry Program.

It appears that petitioner had representation during the hearing and his due process rights were fully protected.

Because the revocation of parole is not part of a criminal prosecution, parolees are not entitled to the full panoply of rights given to defendants in criminal proceedings. *Morrissey*, 408 U.S. at 480. The process should be flexible enough to consider evidence that would not necessarily be admissible in adversary criminal proceeding such as letters, affidavits, and hearsay testimony. *Id.* at 489; *United States v. Froman*, No. 86-5540, 1987 WL 36965, *2-3 (6th Cir. April 6, 1987). Unlike criminal proceedings, a parolee need not be found guilty beyond a reasonable doubt before having his parole revoked; rather, the revocation of parole is proper when supported merely by reasonable grounds. *See Morrissey*, 408 U.S. at 490; *Simmons v. Hurley*, No. 95-3168, 1997 WL 14781, * 2 (7th Cir. Jan. 9, 1997). Petitioner received due process and a proper parole hearing. In the opinion of the undersigned, petitioner cannot show that his constitutional rights were violated.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice. It is further recommended that petitioner's motion to compel discovery (Docket #23) be denied.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2011