UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COREY A. ASKEW,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　Case No. 2:09-cv-238
　　　　　　　　　　　　　　　　　　　　　　　　　HON. R. ALLAN EDGAR
CATHERINE S. BAUMAN,

    Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on February 10, 2011. The Report and Recommendation was duly served on the parties. The Court has received objections from petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Petitioner alleges that his parole was wrongfully revoked and he was wrongly terminated from the Technical Rule Violation (TRV) program and placed in a higher security prison after it was determined by the Michigan Department of Corrections that he failed in the program. Petitioner argues that respondent violated the Ex Post Facto Clause and the Fourteenth Amendment in revoking his parole, terminating him from the TRV program, and placing him in a higher security classification. After respondent filed an answer to the petition, the magistrate judge recommended

dismissal of the petition because petitioner had no liberty interest and because petitioner received due process before his parole was revoked. Further, petitioner was terminated from the TRV program based upon a misconduct conviction.

Petitioner claims that the recommendation should be corrected to show that "the petition (with attachments) is a challenge to the September 13, 2006, disciplinary hearings, reclassification and termination from the TRV program, the parole violation charges being reinstated, and the assault and transfer to the RGC which led to his parole being revoked under this judgment and sentence."

Petitioner claims the statements in the recommendation that he became a management problem while in the TRV program and that he was returned to a higher level of custody as a result of his inability to be safely managed in the jail are inaccurate.

Petitioner claims the recommendation failed to consider all of his Fourteenth Amendment due process claims and the recommendation failed to provide an explanation for the decision. Petitioner claims the recommendation should not have cited the AEDPA which is not relevant to petitioner's case. Further, petitioner argues that he had a liberty interest in parole because he had been granted parole on October 5, 2004. Petitioner claims that he was denied a fair and impartial hearing before being reclassified from the TRV program. Finally, petitioner disagrees with the recommendation that he received due process and a proper parole hearing.

The factual record establishes that petitioner received due process during the misconduct violation proceedings and when he was reclassified and transferred from the TRV program. Petitioner has failed to show that his constitutional rights were violated.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #26) is approved and adopted as the opinion of the Court.

IT IS FURTHER ORDERED that petitioner's motion to compel discovery (Docket #23) is denied.

FINALLY, IT IS ORDERED that a certificate of appealability is denied as to each issue raised by the petitioner in this application for habeas corpus relief because petitioner has failed to make a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Dated:   4/4/2011          */s/ R. Allan Edgar*
                           R. Allan Edgar
                           United States District Judge